## HAMILTON vs. THE GEORGIA RAILROAD.

While a principal is responsible for the fraud of his agent, acting within the scope of his authority, about the business with which he is entrusted, yet the principal is not liable for the fraud or deceit of such agent arising out of transactions beyond the scope of his agency. Therefore where the road-master of a railroad was authorized to contract for the entire job of building a depot to completion, including the painting of it, and did contract with a contractor for the entire work, the company would be bound thereby; but where the road-master made representations to a subcontractor, who painted the building, to the effect that the subcontractor need not record his lien; that the company owed the contractor largely more than the latter owed the subcontractor; that it was the intention of the road-master not to settle with the contractor until all debts for work done on the building were brought in and included in the settlement; that the company had other work for the contractor to do; and that the subcontractor was certain of his money; thereby causing the subcontractor to fail to record his lien; and where the road-master immediately thereafter settled with the main contractor and paid him in full, the company was not liable in an action of deceit; and on a suit therefor against the company, a nonsuit was properly awarded.

December 21, 1886.

Fraud. Principal and Agent. Before Judge COBB. City Court of Clarke County. March Term. 1886.

Reported in the decision.

POPE BARROW; HENRY JACKSON, for plaintiff in error.

Jos. B. CUMMING; GEO. D. THOMAS; A. J. COBB, for defendant.

JACKSON, Chief Justice.

J. T. Hamilton sued the Georgia Railroad and Banking Company for deceit, in that he had painted certain depot buildings, belonging to said company, by employment of one Lawton, who had taken the contract to complete the depot building, including the painting, which painting had been done by Hamilton by contract with Lawton; that the road-master of the company had made the contract with Lawton, and the same road-master, Wilkins, had prevented him, Hamilton, from securing his debt by recording a lien on the building, by telling him that he need not do so, for the company owed Lawton largely more than Lawton owed plaintiff himself, and that it was not his intention to settle up with Lawton until all debts for work done on the building were brought in and included; that the company had other work for Lawton to do, and that he was certain of his money, and when informed that others had recorded liens, he stated that the company owed Lawton $1,100.00 more than enough to pay all, and that it would be held back and no more paid Lawton till all claims were brought into the settlement; that he, Hamilton, relied on these statements and desisted from recording his lien and serving notice; that notwithstanding these statements, Wilkins did settle fully with Lawton and deceived Hamilton in not holding back his money; that it was false that Lawton had other work to do there, as he had done none; that he, Hamilton, had sued Lawton, found him insolvent, and holds the judgment against him; that Wilkins held back the money for those who had recorded liens, but did not his; that Wilkins said that he thought his name was McKee and mistook him; and that the statements occurred just before Wilkins settled in Augusta with Lawton and paid him up.

The city court of Clarke county nonsuited the plaintiff, and he excepted. The question is, whether the company can be made to suffer in damages for deceit by reason of these statements of its road-master, who contracted with Lawton and settled with Lawton without holding back the sum due Hamilton, the subcontractor, for the painting, who did that job, by reason of Wilkins, the road-master, not doing as he promised and retaining the money for Hamilton. We are of the opinion that it was not within the compass of the duties of the road-master to enter into any contract or to make any arrangement of any sort to pay a subcontractor; that his entire business was with the person who took the whole job of completing the building, and beyond it, he was not acting within the scope of his office or his authority as agent of the company.

It is believed that if any agent acts within the business entrusted to him by the corporation so as to be its *alter ego* touching that business, then for any fraud of which he is guilty within that business, it being the scope of his authority and the limits beyond which he is not authorized to act at all, the company that employs him is responsible and liable for any fraud or deceit he may practice in transacting that business, but if not capacitated by his employment to make any contract at all with a person or class of persons, we do not see how any deceit arising out of a contract that he could not make, or touching the carrying into effect of such contract or the payment of what is due thereon, can affect the company that did not authorize its being made at all by him. Here the company authorized him (the road-master) to contract for the whole job of building to completeness a depot, including the painting of it; and in accordance with this authority, the road-master did make a contract with Lawton for this entire work, and thereby the company was bound. Now if, in contracting with Lawton to do this job, or in supervising him in it, or in paying it, or promises to pay it out of any particular fund, he cheated, deceived, defrauded Law-

ton, the company would be bound to account for the iniquity of its agent, and in damages for the deceit to make Lawton, the party dealt with, whole from the wrong of its agent's acts, because he was about its business entrusted to him as its agent with Lawton; but when he went clear off the limit of his power and got beyond it, and in dealing with Hamilton, with whom he had authority to make no contract, and had made none, acted deceitfully and fraudulently about retaining money from Lawton to pay him, the company is not responsible, no matter how badly he acted and how justly responsible for the damage he would individually be. Within the scope of the business entrusted to him, his conduct, like his contract, is that of the corporation; outside of the business so entrusted to him, his conduct, like his contract, is his own, not the company's; as the company would not be responsible for the contract he was not empowered to make, so it is not responsible for what he did or said or promised about it in the making or performing it. In our judgment, the application of the familiar principle, that the agent cannot act beyond the scope of his authority, to the facts of this case controls it.

Even if, as agent of the company, he was empowered to act with Hamilton about Lawton's debt to him, which we do not see, it would have been a verbal promise to pay the debt of another, not in writing, and would bind neither agent nor principal; and the contract being void, a tort arising out of it, if the contract were waived and the tort sued on, could hardly be maintained.

But we rest the decision on the point first decided, that the tort arose from a transaction outside the authorization of the agent, and for such a tort the corporation is not responsible. The nonsuit is therefore right.

Judgment affirmed.